IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ROBERT ALAN THOMPSON,<br>   Plaintiff,<br><br>vs.<br><br>THE UNITED STATES FEDERAL<br>BUREAU OF PRISONS.<br>T. CRNKOVICH, HEALTH SERVICES<br>ADMINISTRATOR.<br>MYRON L. BATTS, WARDEN.<br>J.A. KELLER, REGIONAL DIRECTOR.<br>IAN CONNORS, ADMINISTRATOR<br>NATIONAL INMATE APPEALS.<br>ET AL, INDIVIDUAL AND OFFICIAL<br>CAPACITIES. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:16-CV-055-BL<br><br><u>AMENDED COMPLAINT</u><br><br>PLAINTIFF SEEKS<br>$2,020,000.00<br>AGAINST EACH DEFENDANT AND<br>INJUNCTIVE RELIEF |

## I. JURISTICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation under color of federal law of rights secured by the Constitution of the United States. The Court has juristiction under 28 U.S.C. § 1331 and §1343(A)(3). Plaintiff Thompson seeks monetary damages in the sum of twenty thousand dollars ($20,000.00) each and two million dollars ($2,000,000.00) each in punitive damages and injunctive relief as authorized by 28 U.S.C. §§ 2283, 2284, and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court for the Northern District of Texas is the appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to this claim occured.

## II. PLAINTIFF

3. Plaintiff, Robert Alan Thompson, is at all times mentioned herein a prisoner (inmate) of the United States of America in the custody of the Federal Bureau of Prisons. He is currently confined in the F.P.C. Big Spring camp in Big Spring, Texas.

### III. DEFENDANTS

4. Defendant, The United States Federal Bureau of Prison's, is the United States Agency in charge of the operation and administration of all Federal Correctional Institutions within the United States and it's territories. The United States Federal Bureau of Prisons is legally responsible for the actions of it's employees. The Bureau is also responsible for the welfare of all federal inmates and all inmate's medical needs in the entire Federal Prison System.

5. Defendant, T. Crnkovich, HSA, is the Medical Health Services Administrator at F.P.C. Big Spring. Ms. Crnkovich is legally responsible for the overall operation of the F.P.C. Big Spring medical department and for the welfare of all inmates medical needs of that prison.

6. Defendant, Myron L. Batts, Warden, was the Warden at F.P.C. Big Spring at the time of Petitioner's cause of action. Warden Batts was legally responsible for the operation of the prison and the welfare of all inmates of that prison.

7. Defendant, J.A. Keller, Regional Director, is the Regional Director for the region in which F.P.C. Big Spring is located. Mr. Keller is legally responsible for the operations of all prisons in his region and for the welfare of all inmates of those prisons.

8. Defendant, Ian Connors, Administrator National Inmate Appeals, is the National Inmate Appeals Administrator for every federal prison in the United States of America. Mr. Connors is legally responsible for the resolution of all administrative remedies for all federal prisons in the United States of America including F.P.C. Big Spring. This makes him legally responsible for the welfare of all federal prison inmates in the United States of America including F.P.C. Big Spring.

## IV. FACTS OF THE CASE

Plaintiff is an inmate incarcerated and presently in the custody of the Federal Bureau of Prisons at F.P.C. Big Spring. Plaintiff purports to bring this civil action suit, pro se in forma pauperis, against the above named Defendants claiming a violation of his rights under the Eighth Amendment to the United States Constitution. Plaintiff is alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment due to the fact that the Defendant's refuse to provide Plaintiff total knee arthroplasty due to the Defendant's own-made-policy of non-treatment. Policy resulting from the Defendant's deliberate indifference to Plaintiffs serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff was diagnosed in 2009 with severe osteoarthritis in his right knee that has escalated over the years. Since then Plaintiff has taken several kinds of medications to the point of being over medicated. Plaintiff was sent to an orthopedic surgeon's office on November 5, 2015. Plaintiff was evaluated and diagnosed as needing

3

total knee arthroplasty. The Defendants until this day still have denied Plaintiff's total knee arthroplasty that the orthopedic surgeon recommended to relieve the pain and suffering Plaintiff has been undergoing for so very long.

## V. MONETARY AND PUNITIVE DAMAGES AND INJUNCTIVE RELIEF

Plaintiff demands payment for pain and suffering, mental and physical, and emotional distress in the amount of two million twenty thousand dollars ($2,020,000.00) per Defendant and to be provided with total knee arthroplasty for his right knee immediately.

## VI. EXHAUSTION OF LEGAL REMEDIES

Plaintiff has used the inmate request forms, sick-call, verbal requests, BP-8, BP-9, BP-10, and BP-11 in an effort to resolve his requests for medical treatment. Plaintiff was denied medical treatment at all levels and has exhausted all of his administrative remedies. Plaintiff therefore looks to this Court for relief of his pain and suffering.

## VII. LEGAL CLAIMS

9. Plaintiff re-alleges and incorporates by reference paragraphs 1-8.

10. Defendants The United States Federal Bureau of Prisons, T. Crnkovich, Myron L. Batts, J.A. Keller, and Ian Connors have denied Plaintiff total knee arthroplasty at F.P.C. Big Spring.

Said Defendant's actions violated Plaintiff's civil rights under the Eighth and Fourteenth Amendments cruel and unusual punishment clauses due to non-treatment of Plaintiff's right knee and due process violation of equal protection under the law.

11. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendant's unless this Court grants the monetary compensatory and injunctive relief which Plaintiff now seeks.

### VIII. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that the Honorable Judge of said Court enter judgment granting Plaintiff's:

12. Declaration that the acts and ommissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

13. Preliminary and permanent injunction ordering Defendant's The United States Federal Bureau of Prisons, T. Crnkovich, Myron L. Batts, J.A. Keller, and Ian Connors to provide total knee arthroplasty of the right knee immediately to Plaintiff.

14. Compensatory damages in the amount of twenty thousand dollars ($20,000.00) against each Defendant jointly and severally.

15. Punitive damages in the amount of two million dollars ($2,000,000.00) against each Defendant.

16. A jury trial on all issues.

17. Plaintiff's costs in this suit.

18. Any additional relief this Court deems just, proper, and

equitable.

Dated: April 7, 2016 at F.P.C. Big Spring, Big Spring, Texas.

I certify under penalty of perjury that the foregoing is true and correct.

                                                    Respectfully submitted,

                                                  Robert Alan Thompson,
                                                  Plaintiff.

---

See <u>Watson v. Ault,</u> 525 F. 2d 886, 892 (5th Cir. 1976) (A court may employ the use of a questionaire to assist in developing the issues that form the basis of a plaintiff's complaint).

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Amended Complaint was served this 6th day of May, 2016, by placing it in the United States mail, first class postage prepaid, addressed as follows:

U.S. District Court Clerk
United States Post Office and Courthouse
341 Pine Street, Room 2008
Abilene, Texas 79601

*[signature: Robert Alan Thompson]*
Robert Alan Thompson,
Plaintiff.