IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ROBERT ALAN THOMPSON, ) | | |
| Fed. Reg. # 17709-280, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| V. ) | | CIVIL ACTION NO. |
| ) | | 1:16-CV-055-BL |
| T. CRNKOVICH, et al., ) | | |
| ) | | |
| Defendants. ) | | Assigned to U.S. Magistrate Judge |

**OPINION and ORDER OF PARTIAL DISMISSAL
UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)** [1]

This case is before the Court for review of pro-se-inmate/plaintiff Robert Alan Thompson's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Thompson initially filed a complaint with attachments, but after he sought leave, the Court granted Thompson's motion to file an amended complaint. (Docs. 10,11.) After reviewing the amended complaint, the Court directed Plaintiff to answer particular questions about his pleadings and provide the answers in the form of a more definite statement (MDS). (Doc. 17.) Plaintiff filed an MDS. (Doc. 18.)

### I. BACKGROUND/PLEADING

In these pleadings, Robert Alan Thompson primarily complains that he has been denied a total knee arthroplasty for the right knee that was recommended by an outside doctor recommendation. Amend. Compl. (doc. 11.at 4.) Plaintiff names as defendants the following persons: T. Crnkovich, Health Service Administrator, FCI-Big Spring; Myron L. Batts, Warden, FCI-Big Spring; J.A. Keller, Regional Director, Bureau of Prisons; Ian Connors, Administrator, National Inmate Appeals; and the Bureau of Prisons. Amend. Compl. (doc. 11) at 2-3. Plaintiff names the defendants in both an

---

[1] Plaintiff Robert Alan Thompson filed a consent to proceed before a magistrate judge in all proceedings under 28 U.S.C. § 636 (b). (Doc. 14.) Therefore, because Thompson is presently the only party before the Court, this magistrate judge can resolve some claims in this case under 28 U.S.C. § 636(c).

individual and official capacity. Plaintiff alleges against each defendant that the denial of total knee arthroplasty amounts to deliberate indifference to his serious medical needs in violation of the Eighth Amendment, he alleges that defendant Crnkovich's failure to provide him a walker amounts to deliberate indifference, and he also alleges claims under the Fourteenth Amendment for violations of the right to due process of law and equal protection of law. Amend. Compl. (doc. 11, at 5.) For relief, he seeks a permanent injunction ordering that he be provided a total knee arthroplasty, compensatory damages against each defendant in the amount of $ 20,000.00 and punitive damages against each defendant in the amount of $2,000,000.00. Amend. Compl. (doc. 11, at 5.)

## II. PRELIMINARY SCREENING UNDER § 1915A and § 1915(e)(2)(B)

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level."*Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor a "formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III. ANALYSIS

### A. No Liability as to Claims Against the Bureau of Prisons and Defendants in an Official Capacity

Plaintiff seeks monetary damages, and invokes federal jurisdiction over his case pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). Amend. Compl. (doc. 11) at 1. Because his claims arose at the Bureau of Prisons FCI-Big Spring facility, the Court liberally construes Plaintiff's claims to arise under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 389-98 (1971). In the *Bivens* case, the Supreme Court recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. at 297. *Bivens* is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"),*overruled on other grounds*, *Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003).

But the *Bivens* decision only provides a remedy for victims of constitutional violations by government officers in their individual capacities. A *Bivens* action does not provide for a cause of action against the United States. *See Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir. 1999). Nor may a *Bivens* action be brought against a federal agency, such as Bureau of Prisons. *See FDIC v. Meyer,* 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agric.*,

3

55 F.3d 991, 995 (5th Cir. 1995). Claims against federal employees in their official capacities based on alleged constitutional violations are also barred under *Bivens* because they are the equivalent to claims against the federal agencies who employ the employees. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). This is because the purpose of a *Bivens* action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Because a *Bivens* action cannot be brought against a federal agency or individual employees in their official capacities, Plaintiff has not alleged a viable *Bivens* claim against the Bureau of Prisons or against the individual defendants in an official capacity.

## B. Lack of Sufficient Personal Involvement

In order to state a *Bivens* claim, the claimant must allege personal involvement of a defendant. *Guerrero-Aguilar v. Ruano*, 118 F. App'x 832, 833 (5th Cir.2004). Federal officials cannot be held vicariously liable for the acts of subordinates under the doctrine of respondeat superior. *Cronn v. Buffington*, 150 F.3d 538, 544 (1998) (citing *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 (5th Cir. 1993)). Thus, in order to be liable, a prison official must either be personally involved in the acts that caused the constitutional deprivation, or must "implement a policy so deficient that the policy itself acts as a deprivation of constitutional rights." *Cronn*, 150 F.3d at 544 (citing *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)). Without personal involvement or participation in an alleged constitutional violation, or implementation of a deficient policy, the individual should be dismissed as a defendant. *Id.*

(1.) Implement Policy

As noted above, Plaintiff has named Health Service Administrator Crnkovich, Warden Batts, Regional Director Keller, and National Inmate Appeals Administrator Ian Connors. The Court notes first that as to each of these defendants, Plaintiff complains that they relied upon a Bureau of Prisons (BOP) policy set forth in BOP Program Statement 6031.04 regarding "Patient Care". As an example,

4

Plaintiff complains that Connors, as a part of the denial of his BP-11 Administrative Remedy wrote:

> The knee replacement surgery was disapproved with the recommendation for conservative management of the medical condition. In accordance with Program Statement 6031.04, <u>Patient Care</u>, under the Bureau of Prisons scope of services, this is an elective procedure and is considered medically acceptable – not always necessary. Your medical condition will continue to be monitored and if your symptoms get worse, a consultation will be resubmitted. At present, there is insufficient diagnostic date to make a clinical determination of the need for knee replacement surgery.

MDS Exhibits--Administrative Remedy Response (doc. 18-1, at 26.) But even though Plaintiff recites that defendants relied upon this policy, he does not allege any facts that they implemented the policy, or that the policy itself was so deficient that it acts as a deprivation of constitutional rights.

(2.) Personal Involvement

Otherwise, with regard to defendants Batts, Keller, and Connors, Plaintiff acknowledges that he did not have any personal interactions with them. In this regard, in response to a question from the Court about personal involvement, Plaintiff writes: "Plaintiff does not have any facts that show Myron L. Batts was personally involved in the decision to not provide him total knee replacement" (doc. 18, at 9); "Plaintiff has no personal interactions with J.A. Keller" (doc. 18, at 10); "Plaintiff had no personal interactions with Ian Connors" (doc. 18, 11.). Thus, these defendants were not personally involved in the alleged denial of medical care. Indeed, the only basis for Plaintiff's claims against each of these defendants is the alleged failure of each to provide Plaintiff relief through and in response to the administrative remedy process. MDS (doc. 18, at 6-8, 9-10.) This is not a sufficient basis for imposing liability. *See Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004) (holding that prison supervisory officials "reasonab[ly] discharge[d] . . . their duty to protect the inmates in their care" where they "responded to [plaintiff's] complaints by referring the matter for further investigation or taking similar administrative steps"); *see also Poullard v. Blanco*, No. Civ. A. 05-1019-P, 2006 WL 1675218, at *5 (W.D. La. June 9, 2006) (dismissing claim of failure to

5

provide adequate medical care against supervisory officials who "acted consistent with their roles in the prison administration by addressing plaintiff's grievance or referring him to an avenue by which he might obtain relief"); *Jones v. Livingston,* No. Civ. A. C-05-520, 2005 WL 3618316, at *3 (S.D. Tex. Jan. 6, 2005) (holding that failure to provide adequate medical care claim asserted against supervisory prison official should be dismissed because "the fact that he did not respond to, or denied, plaintiff's grievances does not, alone, state a claim . . ."); *Anderson v. Pratt,* No.3:02-CV-455-L, 2002 WL 1159980, at *3 (N.D. Tex. May 29, 2002) (Warden's review and denial of grievance, all of which occurred after the events at issue, did not show personal involvement in deprivation of constitutional rights).

Because Defendants Batts, Keller and Connor were not personally involved in Plaintiff's medical treatment, and because there is no *respondeat superior* liability in a *Bivens* case, Plaintiff's claims against under the Eighth Amendment against these defendants must be dismissed.

## C.     No Violation of Equal Protection or Due Process

Plaintiff alleges that his rights under the Fourteenth Amendment to equal protection of law and due process of law were violated. Amend. Compl. (Doc. 11, at 5.)

*Equal Protection*

The equal protection language of the Fourteenth Amendment applies to the states, and thus does not provide Thompson a source for relief. *See Richard v. Hinson,* 70 F.3d 415, 417 (5th Cir. 1995) ("The Fourteenth Amendment protects against actions by states, but here, the federal government is the subject of petitioner's complaints making the Fourteenth Amendment inapplicable"). "The Due Process Clause of the Fifth Amendment applies to the federal government a version of equal protection largely similar to that which governs the states under the Fourteenth Amendment." *Rodriguez-Silva v. INS,* 242 F.3d 243, 247 (5th Cir. 2001); *see also Hinson,* 70 F.3d at 417 ("We employ the same test to evaluate alleged equal protection violations under the Fifth

6

Amendment as we do under the Fourteenth Amendment") (citing *Adarand Constructors, Inc. V. Pena*, 515 U.S. 200, 215-17 (1995)(other citation omitted)). The Supreme Court has recognized that it's "approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment." *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n. 2 (1975) (citations omitted)). It appears that Thompson's claim that he was denied the right to equal protection of law is because other inmates were provided a walker even though he was denied a walker. MDS (doc. 18) at 9.

An equal-protection violation may occur when the government treats someone differently than another who is similarly situated. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to show a violation of equal protection rights, Thompson must show purposeful discrimination resulting in a discriminatory effect among persons similarly situated. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987). He must allege the "existence of purposeful discrimination, which implies that the decision maker selected a particular course of action at lest in part because of the adverse impact it would have on an identifiable group." *Cotton v. Booker*, 166 F.3d 341, 1998 WL 912201 at *1 (5th Cir. 1998) (unpublished) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997)). Thompson has not alleged that he was subjected to a discriminatory action on the basis of race, religion or other suspect class, and his claim that he was treated differently than other similarly situated inmates with regard to the failure to provide him a walker, is not supported by any factual information to support an equal protection claim. *See generally Gardea v. Naik*, CA No. H-09-1467, 2011 WL 1103434 at *11 (S.D. Tex. March 23, 2011) (granting summary judgment upon Plaintiff's claim that defendant prison doctor violated right to equal protection in denying him medical boots, since inmate-plaintiff had not shown that he was similarly situated "with respect to life function and physical needs" to other inmates who had been given such boots); *and Kimble v. Kukua*, No. G-05-310, 2008 WL 4443248, at *9 (S.D. Tex. Sep. 25, 2008) ("In this case, plaintiff has not shown

a violation of his equal protection rights because he has not shown that he was similarly situated to any inmate who suffered the same disabilities and medical conditions and has not shown any purposeful discrimination"). Therefore, Plaintiff's claim for a violation of equal protection of law must be dismissed.

*Due Process*

It appears that Thompson's claim of a denial of due process of law arises from the alleged failure of the defendants to resolve his administrative remedy grievances in his favor. But allegations challenging the processing of a grievance do not support a constitutional violation. As the Court of Appeals for the Fifth Circuit found in *Geiger v. Jowers*:"[ An inmate] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due-process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir.2005); *see also Jenkins v. Henslee*, No. 3-01-CV-1996-R, 2002 WL 432948, at *2 (N.D. Tex. March 15, 2002) ("An inmate does not have a constitutional entitlement to a grievance procedure. Hence any alleged violation of the grievance procedure does not amount to a constitutional violation") (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994), and *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir.1996)). Thus, as Thompson's due process claim arises only from the review and processing of his administrative remedy grievances after the denial of total knee arthroplasty, such claims must be dismissed.

## IV. CONCLUSION

For all of the above and foregoing reasons:

It is therefore **ORDERED** that all Plaintiff's claims against the Bureau of Prisons, all claims against the defendants in an official capacity, and all claim against Defendants Warden Myron L. Batts, Regional Director J. A Keller, and National Inmate Appeal Administrator Ian Connors, are **DISMISSED**

**WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e) (2)(B)(ii).[2]

SIGNED November 16, 2017.

                                              E. SCOTT FROST
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Thompson will be allowed to obtain service of process of his remaining claims upon Defendant T. Crnkovich through a separate order issued this same day.